Mr. Morton, I have a hearing problem, so sometimes I don't speak loud enough and sometimes I speak too loud. I apologize in advance. This veteran has post-traumatic stress disorder that has been confirmed by direct medical evidence. His doctor said it is the clearest post-traumatic stress disorder diagnosis he's ever, service connected he's ever seen. His stressors are laid out in the record, they're horrible, loss of life, in addition to the horrible loss of life, he was aboard an ammunition ship for three years. For three years, he expected at any instant to be vaporized, 24 hours a day, seven days a week. The doctor attributed that also causes PTSD, in addition to the loss of life. That's in the record, it's unrefuted. One reason given by the administrative law judge for denying this claim was that I, the lawyer, was a liar. That's my word, liar. He didn't call me a liar, but he said I made misrepresentations to the Court of Appeals for Veterans Claim. Another reason given by this administrative law judge to deny this claim was that I took positions in the Court of Appeals that I didn't take, that I made assertions before the Court of Appeals, I never asserted. Apparently, during my representation as a veteran before the administrative law judge, I did something that irritated him, and veterans' rights are to be determined by medical proof and unrefuted facts, not negative reactions to counsel. The fact remains, in this record, this veteran was disabled as a result of his service. He's entitled to have a fair hearing for his compensation claim, and likewise, if I've said something in my brief, or if I've made some assertions that irritates this court with me, please don't hold it against this disabled veteran. Thank you. Thank you. Good morning, ma'am. Please, the Court. The Court should dismiss this appeal for lack of jurisdiction, or any alternative should affirm the Veterans Court's decision. With respect to the jurisdictional issue, Mr. Phillips' claim, respectfully, is constitutional in name only. He simply challenges the Board's credibility determinations up here. Now, Mr. Phillips' reference is a different case where- Doesn't he do a little bit more than that? I mean, he's basically alleged bias, and so therefore has not been able to get a fair hearing, and so it's not, at least he's alleging something far more than a dispute over the credibility determination. Well, if you look at the underlying basis for his allegations, they concern credibility determinations here, and they certainly don't rise to the level of bias that's required to disqualify a judge or a Board member in this case. In the Bieber case, this court's explained that a claim of bias requires a showing of a deep-seated favoritism or antagonism that would make a fair judgment impossible. Well, that's what's required to succeed with a claim of bias, no doubt, but isn't it enough simply to say there is bias here, and therefore I want an adjudication of that constitutional question on the merits? We don't think so, Your Honor. If the facts here were sufficient to invoke this court's jurisdiction, then we would see many due process- I expect we would see many due process claims that simply challenge credibility determinations or the weighing of evidence, styled as challenges to the bias on the part of the Board. So, there certainly has to be some minimal level of allegation. How would you define the minimal level of allegations, short, presumably, of conclusive proof enough to win your claim of bias? Right. I think it would be sort of akin to a failure-to-state-a-claim analysis, whether or not the allegations on their face are sufficient to show some level of bias, and we don't think that that's the case here. Some level of bias. Again, you're saying the allegations, being that this Administrative Law Justice Board member is biased, there would have to be sufficient factual allegations that could support a conclusion of bias. Is that correct? I think so, yes, Your Honor. And that would then enable this Court to invoke its jurisdiction and dig deeper into the underlying facts. Can you give us an example of how that would work? Like, for example, we have the facts that we have here. What would be an alteration to the current facts that, in your mind, would all of a sudden be enough to be a legitimate allegation of bias? Well, certainly in the Latecky case, the Supreme Court gave an example of a case of bias, and the Supreme Court cited back to during the First World War, where a district court judge essentially said that it would be extremely difficult to give an unbiased decision when the case involved a German-American as a defendant, because I believe the language there used by the district court was that German-Americans, quote, hearts are reeking with disloyalty, end quote. Certainly, if there were something akin to that here that indicated a particular bias against Mr. Phillips, above and beyond simply indicating that the board judge didn't actually believe his underlying claim, then that would be sufficient to invoke this Court's jurisdiction. Latecky suggests that claims of bias emerging from the case itself are almost never cognizable. The idea is that if the judge is dead set against you, it's normally because the judge has concluded that you don't have a case, and that doesn't constitute bias. But the Court was quick to point out that that's not always the case, and that there are some instances in which the judge simply goes over the line in the way the judge approaches the case, even though the judge hasn't done anything outside the bounds of the litigation itself. Why don't you think that in this case, the allegations of animus towards the petitioner and his counsel is sufficient at least to assert a claim of cognizable bias? Right. So in Latecky, the Supreme Court made clear that even remarks on the part of a judge during trial that are critical of the claimant or critical of counsel are not sufficient or hostile to counsel. Normally. They qualified that. So they said there might be instances in which something done in the courtroom, in the context of the litigation, would be enough to reflect cognizable bias. That's right. Now, Mr. Phillips here hasn't asserted any, alleged any sort of actions on the part of the board judge that even remotely come close to that standard. I think the closest he comes is where he says, he notes that the board was critical of counsel, and Mr. Phillips, for not coming, or not notifying the board sooner that they believed that the relevant time period was different from what the board and the Veterans Court thought. And if you look at the facts there, again, we're looking at the facts, but if you look at the facts of what occurred there, back in 2002, Mr. Phillips said, this event occurred in December of 61 or January of 62. The Veterans Court in 2008 remanded to obtain additional records from a slightly larger time period, about a month before and a month after. In March of 2009, the board then remanded to the RO to obtain those records. So that's 2002 to 2009. It wasn't until 2010 that Mr. Phillips provided another statement where he said, he said two things. Number one, I don't think you're going to find any information in those records anyway. And number two, you're looking at the wrong time period. So all the board was saying is, why did you wait so long to tell us that if we had been notified sooner, we could have obtained those records obviously much sooner. And that was certainly reasonable under the circumstances here. Is there any suggestion in the record that the board member was unwilling to entertain an allegation that might even seem like a war crime and therefore was hostile to the idea that something like the alleged incident of drowning the individuals in Danone Harbor, you wouldn't expect to find witnesses standing up and corroborating? There's nothing in the record that suggests that, Your Honor. It is worth noting that the board member here, it's not that he just didn't believe Mr. Phillips, it's that there was no other sort of corroborating evidence, whether from buddy statements or the ship logs themselves. In fact, there really isn't any evidence at all that even indicates that the ship, the actually said that this event or events occurred. On the bias issue, it's also worth pointing out that the board judge here actually granted service connection for a different disability to Mr. Phillips. So one would think that if he were biased, he wouldn't have done that. So for these reasons, we respect the request of the court to dismiss this case or in the Veterans Court's decision. If the court please, the question about the time period of the search for deck logs, the Court of Appeals for Veterans Claims set it for that time period. And after the search was started, I wrote a letter saying, wait a second, that's not broad enough. And I don't recall the record saying that was late or anything because that's when we broadened the search, we found deck logs that for the first time corroborated that this ship was in the Danang Harbor. The second time. Pardon me? In the harbor a second time. Yes, sir. A day later or so. You're correct, Your Honor. And so I'm not aware of any delay or prejudice, a delay on my part that prejudiced the search. The whole point about the time frame of the search was it was too compact. And during that time period, my client said that's not when everything happened. Were those original dates the dates that your client had initially identified as the proper dates? I'm sorry, Your Honor. Well, in other words, as I understand it, the board initially, or the court, I guess, on remand, initially directed the examination of deck logs for that period based on your client's assertion that that was the period that was at issue, correct? Yes, sir. That's part of it. Yes, sir. There was a statement my client made. He made a dozen or so, but one of them said that was the period. That was incorrect. But then he came back later and said, no, no, it was in May or sometime in the spring? Yes, sir, Your Honor. Of 61? We spread it out. And I sent a letter, and it's in the record, saying, no, that time period you're searching will not uncover any corroboration. And we asked them to expand it, and it did, and it uncovered additional corroboration. And nothing's refuted. Nothing in this record refutes that this happened. There's fellow sailors that say, in different words, that there were incidents with fishing boats and loss of life. So there's nothing in this record. Loss of life? I don't remember seeing anything about loss of life. I remember a statement that we had incidents with fishing boats, but I don't remember seeing loss of life. You are correct. That fellow sailor didn't say loss of life in that statement. I was mistaken in saying that, Your Honor. He did say there were incidents with fishing boats, incidents, plural, with fishing boats. I apologize. If the court please, the record doesn't refute what he said happened. The medical evidence says he has post-traumatic stress disorder from these stressors. And this administrative law judge said that we took positions before the court of appeals we didn't take, and he admonished me. He said I'm responsible for many years of the delay in this claim. This claim's been pending 19 years now, and that's just not true. And he used the basis of his decision wasn't what the record said. I note downstairs on the wall that Abraham Lincoln said it's the duty of the government to render prompt justice against itself in favor of its citizens. We respectfully contend that justice is a fair hearing. And we request that it be sent back to the board like they've done before and say, not you, Judge Crowley, another one. Thank you. Thank you. Thank you.